**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2766-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHEVAUGHN D. FAGAN,
a/k/a/ CHEVAUGHN FAGAN,

    Defendant-Appellant.

_____

        Submitted January 18, 2022 – Decided February 1, 2022

        Before Judges Rose and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 13-07-0920, 16-07-0639 and 16-11-0872.

        Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the briefs).

        Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Randolph E. Mershon, III, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Chevaughn D. Fagan, a non-citizen of the United States, appeals from a January 28, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Between July and November 2016, defendant was charged with various assault and weapons offenses in multiple counts of two separate Mercer County indictments. On December 9, 2016, pursuant to a negotiated plea agreement, defendant pled guilty to second-degree possession of a weapon for an unlawful purpose on Indictment No. 16-11-0872, and second-degree unlawful possession of a weapon on Indictment No. 16-07-0639. Defendant also pled guilty to violating a July 23, 2015 probationary sentence on a fourth-degree weapons offense charged in Indictment No. 13-07-0920. The State recommended an aggregate prison term of five years with a parole disqualifier of forty-two months, and agreed to dismiss the remaining counts of Indictment Nos. 16-11-0872 and 16-07-0639.

Represented by assigned counsel at the plea proceeding, defendant testified he read the plea form, counsel reviewed the plea form with him, he initialed each of the five pages, and he signed the last page and the supplemental plea form. Defendant further stated he was satisfied with his attorney's services, and was not forced or pressured to sign the plea forms.

2

Relevant here, defendant acknowledged he is not a United States citizen, and that his guilty plea "to one or all of these offenses could lead to changing [his] immigration status; it could lead to deportation." When the court inquired whether defendant had an opportunity to consult with an immigration attorney, the following exchanged ensued:

> DEFENDANT: I talked to Ms. . . .
>
> THE COURT: Ms. [Plea Counsel]? Okay.
>
> PLEA COUNSEL: Your Honor, Mr. Fagan has had the opportunity but didn't have the funds to do so. We talked about what my office suggests would happen. I think they're very much so . . . our immigration counsel (indiscernible) . . . believe [sic] that would lead to deportation and we did go over that.
>
> THE COURT: [Addressing defendant] You've been advised about that — that it's likely that you would be deported based on these guilty pleas?
>
> DEFENDANT: Yes.

Additionally, defendant answered, "Yes" to Question 17(f) of the plea form: "Having been advised of the possible immigration consequences and of your right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?"

Prior to sentencing, defendant retained private counsel, who moved to withdraw defendant's guilty pleas on several grounds, including plea counsel's

A-2766-19

failure to "properly advise [defendant] of the consequences of his plea regarding the deportation issue," and that he was not afforded the opportunity to consult with an immigration attorney. Motion counsel also contended defendant satisfied the Slater[1] factors, warranting vacatur of his guilty pleas on that additional basis.

Citing our Supreme Court's decision in State v. Gaitan, 209 N.J. 339 (2012), motion counsel argued plea counsel "must highlight for non-citizens" that a guilty plea "will place [them] at risk of removal and that they may seek to obtain counseling on potential immigration consequences in order that their guilty plea [is] accepted as knowing and voluntary." Referencing the plea transcript, counsel claimed the advice rendered by plea counsel and the court was "[n]ot a specific, affirmative: '[Your guilty pleas] will result in your removal.'" Instead, plea counsel said her office "believe[d] it would lead" while the court stated defendant's guilty pleas "could lead to changing [defendant's] immigration status." Motion counsel contended that advice was incorrect, stating: "I think it actually will result in his removal."

Immediately following argument, the trial court rendered a thorough oral decision, denying defendant's motion. Noting portions of the transcript were

---

[1] State v. Slater, 198 N.J. 145 (2009).

indiscernible, the court reviewed the transcript of the plea hearing and listened to the CourtSmart recording. The court found, "there was n[ot] a great deal of hesitation between the questions and responses, unless it was appropriate."

Regarding the immigration issue, the court distinguished the facts of the present matter from those in State v. Nuñez-Valdéz, 200 N.J. 129 (2009), which was cited in motion counsel's brief. The court recognized the plea attorney in Nuñez-Valdéz misinformed the defendant his guilty plea would not affect his immigration consequences, although the crime mandated deportation. Conversely, here, defendant was told his guilty pleas would "likely" lead to his deportation. Further, the court stated unlike the Nuñez-Valdéz matter, "even at this point [motion counsel] cannot say with absolutely certainty that [defendant] would be deported." Finally, the court noted the matter had been adjourned prior to the plea hearing to afford defendant an opportunity to speak with an immigration attorney.

Following the denial of the motion to retract his guilty pleas, defendant was continued on bail but failed to appear at sentencing. The next year, he was arrested in Milwaukee, extradited to New Jersey, and sentenced in accordance with the plea agreement.

A-2766-19

Defendant filed a direct appeal of his sentence and the trial court's denial of his motion to withdraw his guilty pleas, which this court heard on an excessive sentencing calendar. See R. 2:9-11. During argument, appellate counsel maintained defendant's guilty pleas were not knowing and voluntary because he was not afforded "the opportunity to consult an immigration attorney about the probable deportation if he accepted the plea." Counsel also argued defendant failed to realize he was pleading guilty to more than one weapons offense. We denied defendant's appeal in a January 9, 2019 order. No further appeals were taken.

In February 2019, defendant filed a timely pro se PCR petition, seeking to withdraw his guilty pleas. Pertinent to this appeal, defendant contended his plea "was not knowing and voluntary because his attorney did not explain to him that he was pleading guilty to a weapon offense that would result in his deportation."

With the assistance of appointed PCR counsel, defendant filed an amended petition, incorporating defendant's pro se arguments. PCR counsel framed defendant's ineffective assistance of counsel claims as follows: (1) "failure to properly explain the implications of the plea"; and (2) "failure to go over the discovery with [defendant] and discuss options such as trial." To

6

support his amended petition, defendant certified although plea counsel "told the [c]ourt that [defendant] had an opportunity to speak with an attorney regarding [his] immigration status," he "only heard" from plea counsel that he "could possibly be deported."

Following oral argument, the PCR judge, who did not preside over the trial court proceedings, issued a cogent written decision, denying defendant's petition. The judge accurately recounted the procedural history, the trial court's decision on defendant's motion to withdraw his guilty pleas, and applicable legal principles. Because defendant's ineffective assistance of counsel claims "concerning the effect of his plea on his immigration status were previously adjudicated on the merits," the PCR judge found they were barred procedurally under Rule 3:22-5. The judge reached the merits on defendant's remaining claims, concluding they were "bald assertions" and defendant nonetheless failed to demonstrate plea counsel's performance prejudiced the outcome of his case. This appeal followed.

On appeal, defendant reprises only those claims that the PCR judge found were procedurally barred. He raises the following points for our consideration.

POINT I

THE PCR COURT ERRED IN FINDING THAT DEFENDANT'S CONTENTION THAT HE WAS

7

DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO INFORM HIM OF THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEAS WAS PROCEDURALLY BARRED. THE COURT FAILED TO RULE ON DEFENDANT'S PROPERLY RAISED POST-CONVICTION RELIEF ISSUE.

POINT II

THE PCR COURT ERRED WHEN IT DENIED DEFENDANT AN EVIDENTIARY HEARING TO DETERMINE THE MERIT OF HIS CONTENTION THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, AND THEREBY THE RIGHTS OF DUE PROCESS AND A FAIR TRIAL, WHEN TRIAL COUNSEL MISINFORMED HIM, ON THE RECORD IN OPEN COURT, OF THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA[S]. (U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. . . . ART. I, [¶¶] 1, 9, 10).

More particularly, defendant argues his direct appeal did not address the same claims as his PCR petition. He asserts neither the motion judge nor this court adjudicated whether he was denied the effective assistance of counsel. For the first time on appeal, defendant specifically contends his plea counsel failed to advise that his possession of a weapon for an unlawful purpose conviction is considered an aggravated felony under federal immigration law.

If an issue has previously been raised and decided, the "prior adjudication upon the merits . . . is conclusive whether made in the proceedings resulting in

8

the conviction . . . or in any appeal taken from such proceedings." R. 3:22-5.

PCR is not "an opportunity to relitigate matters already decided on the merits."

State v. Afanador, 151 N.J. 41, 50 (1997). An issue decided on direct appeal

may not be considered in a PCR proceeding. See State v. Preciose, 129 N.J.

451, 476 (1992). In determining whether this procedural bar applies, the

challenged claim should be compared with the prior claim to determine if the

two "are either identical or 'substantially equivalent.'" State v. Marshall, 173

N.J. 343, 351 (2002). "If the claims are substantially the same, the petition is

procedurally barred; if not, the claim of error should be adjudicated when there

is no other reason to bar it." Ibid.

On this record, we are satisfied the PCR judge properly determined

defendant's arguments were procedurally barred. In addition, even if defendant's

PCR arguments were not procedurally barred, defendant failed to make a prima

facie showing in support of his ineffective assistance of counsel claim.

Although in seeking PCR, defendant reframed his argument in terms of

ineffective assistance of counsel, he rehashes the same contentions, maintaining

plea counsel failed to advise him about the effect of his guilty pleas on his

immigration status. That contention was rejected by the motion judge, who

distinguished the incorrect advice rendered by the defense attorney in Nuñez-

Valdéz from the advice rendered to defendant in this case, i.e., that his guilty pleas would likely lead to his deportation. And as stated, we affirmed the motion judge's decision on appeal. By casting the sentencing issue in terms of ineffective assistance of counsel, defendant attempts to sidestep the bar that would ordinarily preclude review. We therefore conclude the issues asserted in defendant's petition for PCR are "substantially equivalent" to substantive claims of error that were raised and denied by the motion judge, and thereafter rejected by this court.

Even if defendant's claims were not procedurally barred, he failed to establish a prima facie case of ineffective assistance of counsel under the Strickland/Fritz[2] framework. To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey).

In the context of plea agreements of non-citizen defendants, the performance of plea counsel is deficient under the first prong of the Strickland

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

standard where counsel "provides false or misleading information concerning the deportation consequences of a plea of guilty." Nuñez-Valdéz, 200 N.J. at 138. In addition, in Padilla v. Kentucky, 559 U.S. 356, 367 (2010), the United States Supreme Court held that plea counsel "is required to address, in some manner, the risk of immigration consequences of a non-citizen defendant's guilty plea." State v. Blake, 444 N.J. Super. 285, 295 (App. Div. 2016). It is now well settled that a defense attorney "must tell a client when removal is mandatory – when consequences are certain" in order to provide effective assistance of counsel. Gaitan, 209 N.J. at 380. Accordingly, "when counsel provides false or affirmatively misleading advice about the deportation consequences of a guilty plea, and the defendant demonstrates that he would not have pled guilty if he had been provided with accurate information, an ineffective assistance of counsel claim has been established." Id. at 351.

As the PCR judge noted when recounting the facts of the matter, the trial court determined defendant "'discussed the impact and consequences' of his guilty pleas with an attorney," and "was properly informed that the plea would 'likely' lead to deportation." As we have recognized, plea counsel is not required to state the words "mandatory deportation" to convey the real consequences of the defendant's plea. Blake, 444 N.J. Super. at 299-300 ("reject[ing the]

11

defendant's suggestion that a defense attorney must use 'magic words' – 'mandatory deportation' or 'presumptively mandatory deportation' – to fulfill his obligation to provide effective assistance to a non-citizen client"). It sufficed that plea counsel stated defendant's convictions "would lead to deportation" and the trial court stated it was "likely" defendant would be deported. Accordingly, defendant is unable to demonstrate plea counsel's performance was so deficient as to constitute ineffective assistance of counsel.

To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION